James W. Whitney, Appellant, *v.* Mary Porter, and Servetus Thorp, Appellees.

### APPEAL FROM PIKE.

Where it appears that notice of application for the sale of land, as recited in a decree, (pronounced thirty years since,) was served upon infants, instead of their guardians, as the statute required, no guardians *ad litem* having been appointed, it will be held that the Circuit Court had not jurisdiction.

This was an action of ejectment brought by appellant to recover the north-east quarter of section 15, town 7 south, range 4 west, in the county of Pike. The declaration claims the premises in fee against Mary Porter, and was served on her on the 5th day of September, 1856. At the September term of the

Pike Circuit Court, 1856, declaration was filed, and the plea of general issue by defendant, Porter, filed, and cause continued. At the September term, 1857, Servetus Thorp was admitted as a co-defendant. Jury waived, trial by the court, BAILEY, Judge, presiding, and judgment for defendants. At the March term, 1858, the judgment was vacated, and a new trial granted. At the April term, 1859, the cause was again tried by the court without the intervention of a jury, and at the August term, 1859, the court found the issues for defendant, and rendered judgment; an appeal was prayed and allowed.

The bill of exceptions shows that on the trial of the cause at the April term, 1859, the plaintiff read in evidence, without objection, a patent from the government of the United States to Michael McKee, dated December 18, 1817, for the land in his declaration described; also a deed from said McKee to James D. Wadsworth, for the same land, dated April 6th, 1815.

Plaintiff further read in evidence, subject to an objection made by defendants to the sufficiency thereof, an order from the records of the Pike county Circuit Court, made at the April term thereof, 1822, in the words and figures following: "On reading and filing the affidavit of Levi Roberts, one of the administrators of the estate of James D. Wadsworth, deceased, setting forth that notice had been duly served upon the infant heirs of said deceased, and on motion of said administrator it is hereby ordered and decreed that the said administrators be and are hereby licensed and permitted to sell and dispose of so much of the real estate of said deceased as will be sufficient to pay his debts, on their entering into bond with two securities in the sum of one thousand dollars each, agreeably to the statute in such cases provided; whereupon the said Levi Roberts tendered in open court James Nixon and John Shaw his securities, who were approved of by the court."

The plaintiff read his affidavit, stating in substance that he was clerk of said court from March, 1821, until May, 1825, during all which time he discharged the duties of said office. The affidavit then states and shows that a petition, notice, proof of the service thereof upon the heirs of Wadsworth, who were all minors, and residents of said county, and all other papers necessary in the case, were presented to said court at the April term, 1822, when said order was granted; that in 1829, all the papers and files of said court were destroyed by fire, so that nothing now remains of said proceedings in said office, except the order read in evidence; that Henry Starr, the solicitor who obtained said order, Joseph Phillips, the judge of the court, and both of the administrators of said estate are all long since dead. And that affiant knows of no witness by whom the

existence and contents of said papers can be proven. To the reception of which affidavit as evidence defendant objected.

Plaintiff then read in evidence, subject to objection by defendant, a deed dated May 20th, 1823, from Levi Roberts and Ephraim Marsh, to plaintiff, for the land described in plaintiff's declaration, which deed is executed by Roberts and Marsh, as administrators of James D. Wadsworth, deceased, and recites at length the order of the Pike Circuit Court, above copied, and a sale by them to plaintiff under said order, at Cole's Grove, the then county seat of said county, on the 20th day of August, 1822, at public vendue, he being the highest and best bidder therefor. Said deed was duly acknowledged on the day it bears date, and recorded in the recorder's office of said county, on the 18th day of October, 1823.

The court found the issues for the defendants, and rendered judgment in their favor. The plaintiff, at the time, excepted to such finding, and to rendering said judgment, and moved the court for a new trial, for the following reasons:

The finding of the court was against the evidence; and the finding and judgment were contrary to the law and the evidence. Which motions the court overruled, to which plaintiff, at the time, excepted.

Plaintiff now assigns for error the following causes: Said court erred in admitting improper evidence; in finding the issues for defendant; in overruling plaintiff's motion for a new trial; and in rendering final judgment in favor of defendants, and against plaintiff.

BROWNING & BUSHNELL, and HIGBEE & HAYS, for Appellant.

M. HAY, for Appellee.

BREESE, J. The question presented by this record is, did the Circuit Court of Pike county have jurisdiction of the persons of the minor heirs of Wadsworth, so as to pass a decree against them for the sale of their land, to pay their ancestors' debts, as by the order of that court of April term, 1822, it attempted to do?

That court being a court of general and unlimited jurisdiction, every reasonable intendment is to be made to sustain its acts, judgments, decrees, and orders, when it is shown jurisdiction attached in the particular case. This is a well settled doctrine of the books, and of all courts.

By force of it, considering the lapse of time since the order (more than thirty years)—the destruction of the records and files of the court by fire—the death of the principal actors in these proceedings, we would be induced to presume much to

sustain this order of sale. But when we see the final order of the court decreeing a sale of the land, in which it is recited that notice of the application was only served upon the infant heirs of the decedent, when the statute required service upon their guardians, or persons having control of them, and no guardians *ad litem* appointed for them by the court, we are constrained to say, the court had not obtained jurisdiction of the persons of the minors, in the mode pointed out by the law.

The object of such service is made apparent from the last clause of section 2 of the act, " And it shall be the duty of any guardian or guardians, or persons having the care of any such minor or minors, on receiving such notice, to appear and defend on behalf of said minor or minors." (Purple's Real Estate Stat. 439.)

This duty, it is true, is of imperfect obligation, which the guardian or curator could not be compelled to perform, and failing to notify him, but notifying the infant heirs in person, followed by the appointment of a guardian *ad litem*, over whom the court would possess full power, we would be inclined to hold a substantial compliance with the requirements of the statute.

Neither having been done in this case, the jurisdiction of the court did not attach. Its power was not properly called into action to deliberate, to decide. This renders the order, and all proceedings under it, void, and it can be attacked anywhere. *Herdman* v. *Short*, 18 Ill. R. 60.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*