# MARY M. CHAMBERS *et al.*

## *v.*

# JOHN R. JONES.

72  275
39a 216
72  275
146 301
72  275
42a 196
72  275
166 194
72  275
87a 390

1. JUDICIAL SALE—*by whom to be made.* Where a sale under a decree of court is conducted by an agent of the commissioner authorized by the decree to make the sale, and in his absence, and a deed is made by the commissioner, this is an irregularity that would vitiate the sale, and authorize the parties interested to have it set aside, if the rights of no innocent purchaser intervened, but it does not go to the jurisdiction of the court.

2. JURISDICTION *of infant defendants can not be acquired by entry of appearance by guardian ad litem.* Where the defendant in a partition suit was a minor at the time of rendering a decree of sale, and there was no service of process, and the record shows that the appearance of the minor was entered by a guardian *ad litem,* appointed by the court to defend for her, it was *held,* that the court had no jurisdiction, and the whole proceedings were *coram non judice,* and the decree and sale thereunder were absolutely null and void, and could be attacked by the owner of the fee, either directly or collaterally.

3. SETTING ASIDE SALE—*refunding purchase money.* Where infant defendants to a partition suit seek to set aside a sale of their land, made under a decree rendered in such suit by a court having no jurisdiction of their persons, and for an account of rents and profits against the purchaser at such sale, they will be required, as a condition to granting them the relief sought, to refund to such purchaser whatever of the purchase money paid by him may have come into their hands.

4. So, also, where the purchaser has paid taxes upon the land, in the belief that he was the *bona fide* owner, the owners seeking to set aside the sale will be required to refund such taxes, as a condition to the relief sought by them.

5. TENANTS IN COMMON—*one who appropriates whole property to his use accountable for rents and profits.* Where one tenant in common appropriates the entire property to his own use, the other tenants may, jointly or severally, have an account taken, not only of the rents and profits actually received, but such as the wrong-doer could have realized by prudent management.

6. SAME—*improvements by one.* One tenant in common can not make improvements on the common property, and charge his co-tenants even ratably with their value. If he makes such improvements, he does so at his peril.

WRIT OF ERROR to the Circuit Court of White county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Mr. JAMES McCARTNEY, and Mr. SETH F. CREWS, for the plaintiffs in error.

Mr. JOHN M. CREBS, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The land which is the subject of this litigation constituted a part of the real estate of which Aaron West died seized. The bill was filed by his heirs to set aside a sale made under a decree of the circuit court of Wayne county, rendered in a proceeding for partition of the lands belonging to the estate. The petition filed asked for partition and assignment of dower. It was exhibited by Jane E. West, the widow, and Mary M., one of the heirs, by her next friend, Jane E. West, and the other heir, Sarah E. West, was made defendant. Embraced in the petition were lands and lots situated in Wayne county, and the tract in controversy, in White county. The commissioners appointed to make partition reported it was not practicable to do so without manifest injury to the rights of parties interested. Thereupon the court decreed a sale of all the lands described in the petition, and appointed Copeland McKelvy a special commissioner to make the sale. The lands situated in Wayne county were sold, and the commissioner reported the making of the sale to the court, that it was made on condition one-third of the purchase money should be paid to the widow, in lieu of dower, in consideration she would release the same to the purchaser, which terms she complied with, and that he executed deeds to the several purchasers.

The land situated in White county, involved in this suit, consists of a quarter section, and is described as the north-east quarter of section 29. It was advertised to be sold the next day after the lands in Wayne county were sold. The sale was to take place on the premises. Copeland McKelvy, the commissioner, being unable to attend, sent his son, Frank McKelvy,

to make the sale. It is distinctly shown, Copeland McKelvy was not in the county of White on the day the sale took place. It was made by Frank McKelvy, on the premises. At that sale, defendant in error, Jones, became the purchaser of the entire tract. The evidence shows it was sold subject to the widow's dower, although the decree is silent as to how it should be sold.

It seems to be conceded that Mrs. West, the widow, in her own right, owned an undivided one-fourth of the quarter section at the time these proceedings were had. Plaintiffs in error, as heirs of Aaron West, now only insist upon their claim to the undivided three-fourths of the quarter section. Subsequently Mrs. West filed her petition for partition and dower in this land, making Jones a defendant. By the decree of the court, the south-west quarter of the quarter section was set off to her in her own right, and the south-east quarter as her dower in the remainder of the quarter section. The heirs of Aaron West were not made parties to these proceedings, and are no way concluded by them. After these proceedings were had, Jones purchased of Mrs. West her interest in the south-west quarter, which was conveyed to him by warranty deed, and also her life estate to the south-east quarter of the quarter section.

The evidence shows that Jones, since his purchase, has erected three small houses on the premises, and cleared and fenced forty acres of the land, and has it in cultivation. The improvements are all on the north half and the south-east quarter of the tract. There does not seem to be any on the part he claims as grantee of Mrs. West. The whole tract was originally timber land.

The court, by its decree, set aside the sale, upon condition, however, that the heirs should refund to Jones the purchase money, $400, the value of the improvements, $610, the taxes since 1865, and some other trifling amounts, with interest on the several sums, less the amount of rents received, making the sum, to be paid within four months, $1166.86. On the pay-

ment of that sum within the time limited, it was ordered that Jones convey the premises to the heirs.

Defendant in error makes no objection to the decree, at least he has assigned no errors, from which we must understand he is satisfied with it. The heirs are dissatisfied, and bring the cause to this court by writ of error.

The principal errors assigned are:

*First.* The court erred in rendering a decree against plaintiffs in error for any sum of money.

*Second.* The court erred in rendering a decree for as large an amount as specified in the decree.

Numerous errors in the partition proceedings have been pointed out, but as they do not affect the jurisdiction of the court, it will not be necessary to notice all of them. Of this class is the objection that the sale was made by Frank McKelvy, in the name of Copeland McKelvy. The sale was conducted by Frank, and the deed was made by the commissioner, Copeland McKelvy. This was an irregularity that would vitiate the sale, and authorize the parties interested to have it set aside, if the rights of no innocent purchasers intervened, but it does not go to the jurisdiction of the court. The bill is not to redeem the land as from an irregular sale, but to have the sale declared null and void, because the court had no jurisdiction to pronounce a decree to have an account taken of the rents and damage to the inheritance.

The objection to the jurisdiction of the court seems to be well founded. Both plaintiffs in error were, at the time these proceedings were had, minors. There is no pretense there was any service of process on the only defendant, Sarah E. West. The summons issued in the cause is with the files, and has upon it no indorsement of service. The record shows, and the decree so finds, that the appearance of the minor defendant was entered by a guardian *ad litem* appointed by the court to defend for her. This did not give the court jurisdiction, and hence the whole proceedings were *coram non judice.*

It is very clear, no title passed to Jones by his purchase under the decree. The decree and sale were absolutely null and void,

and could be attacked directly or collaterally by the heirs own-
ing the fee. The court had no jurisdiction to pronounce a
decree that would affect their interests, having no jurisdiction
of their persons by service of process, or otherwise.

The heirs owning the fee are now asking the aid of a court
of equity to set aside the sale, because it is null and void, to
have an account taken of the rents and profits as against the
occupant under the sale, and for a writ of assistance to be put
into possession. The real inquiry in the case is, upon what
terms shall the relief be granted?

On this record it can not be controverted that plaintiffs in
error are the real owners of the undivided three-fourths of this
tract of land, and are entitled to some relief. Defendant,
Jones, claims title under a judicial sale, and it is insisted the
doctrine of *caveat emptor* applies. Hence it is contended, it
was error to decree that the heirs should refund the purchase
money, with interest, as a condition precedent to granting
relief. So far as the purchaser is concerned, that doctrine has
its application, as is the general rule at all judicial sales. The
buyer gets no better title than the officer of the law has to sell.

On the failure of the title, as in this case, he would have no
right to relief, as against the heirs, nor could he have a decree
against the land itself for the purchase money. This is set-
tled by *Bishop et al.* v. *O'Conner et al.* 69 Ill. 431, and need
not now be discussed as a new question; but defendant is ask-
ing no relief by cross-bill or otherwise.

It is only upon the principle that he who asks equity must
do equity, that the heirs can be decreed to refund any portion
of the purchase money. They are seeking relief against de-
fendant, and if they have his money in their possession, arising
out of the same transaction, it is but just they should restore
it to him. The court will not assist them to recover the pos-
session of their land, and give them an account of the rents
and profits, while they still retain in their hands the purchase
money. The case of *Kinney* v. *Knoebel*, 51 Ill. 112, is an
authority for this view of the law, and the principle of that
case would authorize the imposition of conditions upon which

relief will be granted. A court of equity is a court of con-
science, and no one will be permitted to invoke its aid, unless
he is himself willing and offers to do justice.

The record does not disclose what portion, if any, of the
purchase money was received by either of the heirs. The sug-
gestion of counsel, that a stipulation was signed by counsel, to
the effect that it was all received by them, is not supported by
the record; and it being denied by counsel that any portion of
the proceeds of the sale was ever paid to either of the heirs,
we are unable to determine the truth of the matter. The fact,
however, can be determined by a reference of the cause to the
master. If it shall appear that either of the heirs has received
any portion of the proceeds of the sale, the court, with great
justness, may decree a restoration of the amount before adjust-
ing the equities between the parties.

The same may be said of the taxes. They were paid in the
belief the purchaser was the *bona fide* owner. They consti-
tuted a valid lien upon the property, and the effect was to
preserve it to whom it rightfully belonged. The taxes paid,
however, were upon the entire tract. Of course the heirs will
only be decreed to restore a ratable proportion equal to their
interest in the estate.

The question of the most difficulty that arises in the case is,
whether the court erred in decreeing that the heirs should
make compensation to the purchaser for the value of the im-
provements put upon the land. A recurrence to the facts will
enlighten our inquiry on this branch of the case.

Defendant claims, as grantee of Mrs. West, to be the owner
of the south-west quarter of the quarter section, and to have
purchased her life estate in the south-east quarter. The heirs,
as we have said, were not made parties to the proceedings
under which partition was made and the dower assigned, and
are not affected by them. If we shall regard the deed of Mrs.
West, conveying the south-west quarter, as a release unto her
grantee of her undivided one-fourth interest in the entire tract,
then the parties would be tenants in common. It will be per-
ceived there was no legal assignment of the dower, and defend-

ant not being the owner of the fee, the release unto him was inoperative.

The authorities all hold that a purchaser at a judicial sale will be chargeable with notice whether the court had jurisdiction to pronounce the judgment or decree under which it was made. If the court had jurisdiction, he need not concern himself about the mere irregularities, unless he is a party to the record, and, for that reason, presumed to have notice. In the case at bar, the presumption is, defendant inspected the record, and must have known the court had acquired no jurisdiction, and he could take nothing under a sale made by virtue of a decree thus rendered.

The most favorable view, therefore, for defendant is, that he will be regarded as the owner of the undivided one-fourth, and the heirs as the owners of the other undivided three-fourths of the quarter section. Hence he had, in common with the heirs, the right to the possession of the property. The improvements made by him may be referred to his interest in the common property, and if a division shall be made, the equities between the parties may be adjusted in that proceeding. We are not aware that one tenant in common can make improvements on the common property and charge his co-tenants even ratably with their value. If he makes improvements on the common estate, he does so at his peril. In many instances, it would be equitable that he should have the right to remove the same, if it could be done without permanent injury to the realty.

Where one tenant in common appropriates the entire property to his own use, no reason is perceived why, under our statute, the other tenants may not, jointly or severally, have an account taken of the rents and profits—not only the rents actually received, but such as the wrong-doer could have realized by prudent management.

The decree of the circuit court will be reversed, and the cause remanded for further proceedings in accordance with the views suggested in this opinion.

*Decree reversed.*