H. T. BASS, Administrator, v. JAMES C. BASS and others.

*Will—Construction of—Service of Process—Infant Defendant.*

1. A testator by his will gave his entire estate to his wife "to be disposed of by will or in any manner she may deem best;" the wife died leaving the property undisposed of ; *Held,* that under the will she acquired an absolute estate in the property and at her death it descended to *her* heirs and distributees.

2. Infant defendants cannot "accept service" of process.

(*Horah* v. *Horah,* Winst. Eq. 107 ; *Rogers* v. *Hinton,* 63 N. C. 78, cited and approved.)


CIVIL ACTION for the Construction of a Will tried at Spring Term, 1877, of HALIFAX Superior Court, before *Buxton, J.*

Turner Bass died in September, 1873, having previously made a will and appointed his widow Rebecca W. Bass, executrix. The will was proved shortly after the testator's death, and she accepted the trust of the office.

The only disposition made of the testator's estate is contained in the first clause of the will, which is in these words; "I give, bequeath and devise all of my estate of every kind and denomination, real, personal and mixed, to my beloved wife, Rebecca W. Bass, to be disposed of by will or in any manner she may deem best."

Rebecca W. Bass died intestate in April, 1877, without

making any disposition by will or otherwise of the property derived from her husband and then remaining in her hands. The plaintiff soon afterwards took out letters of administration on her estate, and also letters of administration *de bonis non* with the will annexed on the estate of the testator. The plaintiff and the defendants are heirs and distributees of both the testator and the intestate, except the defendant Emeliza, who is the daughter of the testator by a former wife.

The action is brought by the plaintiff as administrator of both estates, to obtain a construction of the will in order that he may pay over the funds in his hands to the parties whom the Court may declare entitled thereto. *Horah* v. *Horah*, 1 Winst. Eq. 107.

His Honor held that said Rebecca, the plaintiff's intestate, was at the time of her death, seized and possessed of all the property of the testator, and that the same descended to her heirs and distributees. From which ruling the plaintiff administrator with the will annexed of Turner Bass, and the defendants W. H. Braswell and wife Emeliza Braswell appealed.

*Messrs. Mullen & Moore* and *Gilliam & Gatling*, for plaintiff. No counsel for defendants.

SMITH, C. J. (After stating the facts as above.) The question as to the construction of the will is this:—Does the wife take an *absolute estate*, or an *estate for her life only*, with power to dispose of the reversion which by reason of her failure to exercise the power vests in the heirs and distributees of the testator?

If the latter be the true interpretation, the defendant, Emeliza, will share with the others, and if not, she will be excluded.

Our opinion is, that the widow takes an *absolute estate* in

BASS *v.* BASS.

the property, and that the fund must be distributed among her *next of kin* under the statute entitled thereto.

There is no express limitation put upon the gift, and the superadded words which undertake to confer upon the wife a power of disposition " by her last will and testament or in any manner she may deem best" cannot be allowed to have the effect of imposing such limitations: The words are unnecessary because the right to dispose of an estate is incident to the estate itself; but they serve more clearly to indicate the testator's intent, that she shall have the property free from all restraint to possess, use, and dispose of, in any manner she may choose. Indeed the right to use and dispose of a thing at will, constitutes the essential element of property, and the measure of its value.

The law is well settled, that if an estate be given to a person generally with a power of disposal, it is in fee unless the testator gives to the first taker an estate for life only, and annexes thereto a power to dispose of the reversion. 2 Jar. Wills 171, n. 2; 4 Kent Com. 349; *Jackson* v. *Robins*, 16 John (N. Y.) 588; *Royers* v. *Hinton*, 63 N. C. 78; Sugden on Powers, 96.

We have expressed our opinion of the meaning and effect of the will, in order to facilitate the settlement of the estates in the plaintiff's possession. But we can render no judgment until all the parties in interest are properly before the Court. The record shows that ten of the defendants are infants, without guardian, general or testamentary, upon whom no process has been served as required by C. C. P. § 59, and that all the defendants came into Court and accepted service of process on the return of the summons. This the infant defendants could not legally do. No answers were put in to the complaint, and it does not appear that any guardian *ad litem* was appointed or undertook to represent and protect the interest of the infant defendants in the action.

The cause must therefore be remanded in order that the infant defendants may be regularly and properly made parties, and their interest protected, and other proceedings had therein according to law.

PER CURIAM.                    Judgment accordingly.