JANE E. YOUNG v. JAMES R. YOUNG and others.

*Guardian and Ward—Jurisdiction over infant defendants.*

1. Jurisdiction cannot be acquired over infant defendants except by service of process upon them.
2. The court has no authority to appoint a guardian *ad litem* for infant defendants. This matter is now regulated by a rule of court (89 N. C., 612,) requiring such appointment to be based upon

a motion made in writing, and then only after due inquiry as to the fitness of the person to be appointed; and such guardian must file an answer in every case.

(*Allen* v. *Shields,* 72 N. C., 504; *Moore* v. *Gidney,* 75 N. C., 34, cited and approved.)

CIVIL ACTION tried at Spring Term, 1884, of GRANVILLE Superior Court, before *McKoy, J.*

On October 30th, 1866, Russell H. Kingsbury and wife by deed for the recited consideration of twenty-five hundred dollars, paid by Peter W. Young, conveyed to the latter in fee a certain lot of land in the town of Oxford, to be held upon the following uses and trusts as therein declared, to-wit:

For the sole, separate and exclusive use and benefit of Jane Eliza Young, wife of said Peter W. Young, for and during the term of her life, and at her death for the use of her children then living and the then living issue of such of the children as shall have died leaving issue, as sharers in fee simple *per stirpes.* And it is further agreed between the said Russell H. Kingsbury, trustee, &c., (he acting in that capacity in the execution of his deed) and the said Peter W. Young, that at any time that it may seem to him to be to the interest of the said *cestuis que trust* he may sell the said land and premises absolutely, provided that without delay he shall re-invest the proceeds of such sale in real estate or personal estate at his discretion, or otherwise manage, apply and dispose of the said proceeds for the benefit of the said *cestuis que trust,* for the sole and separate benefit of the said Jane Eliza Young and her children in the same manner as the lands and premises in the deed are conveyed and settled.

The trustee, Peter W. Young, has since died, not having exercised the power conferred in said deed, and the plaintiff, his surviving wife, brings this action against the defendants, three of whom are her children, and seven grand-

children, issue of marriages of a son and daughter, the wife and husband of whom are also parties to the suit, for the purpose of having a new trustee appointed, to be clothed with the same discretionary power as his predecessor, and in order that by him or by a decree of the court the land may be sold and a good title assured to the purchasers.

The complaint states that the daughter Harriet A., is an infant, and has a regular guardian, while the seven grandchildren are all under age and have no guardian.

The complaint was filed without the previous issue of a summons, at spring term, 1884, of the superior court of Granville, where the following order was entered:

"On motion in this cause it is ordered that the defendant James R. Young be appointed guardian *ad litem* for and on behalf of the defendants Peter W. Young, Charlotte A. Young, Jane E. Young and Mary B. Young, infant children of said James R. Young."

"And that the defendant Nathaniel B. Cannady be appointed guardian *ad litem* for and on behalf of the infant defendants Jane C. Cannady, Annie Y. Cannady and Florence G. Cannady, infant children of the defendant Mary C. Cannady, to defend this action on behalf of said infants respectively.

At the same term answers were put in by the adult defendants, and on behalf of their infant children by their respective guardians *ad litem* admitting all the allegations made in the complaint, while none seems to have been filed by the regular guardian of the defendant Harriet A. Young.

Upon this state and condition of the case and at the same term, a final decree was rendered declaring that the power created in the deceased trustee was personal, and by his death became extinct, and that the court possessed no authority to order the sale, as the contingent limitations could only take effect and the persons entitled in remain-

der be ascertained at the death of the plaintiff, and reference was made to ascertain and report some fit person to be substituted as trustee. From this decree the plaintiff appeals.

*Mr. M. V. Lanier*, for plaintiff.
No counsel for defendants.

SMITH, C. J., after stating the case. We should not feel much hesitancy in giving our construction of the trusts contained in the deed, but forbear to do so because the case is not properly constituted in court, and the matter is not before us.

No jurisdiction can be acquired over infant defendants except by the service of process upon them, and no authority resides in the court to appoint a guardian *ad litem*. This was strongly intimated in the opinion of the court delivered by RODMAN, J., in *Allen* v. *Shields*, 72 N. C., 504, and declared in positive and emphatic terms by BYNUM, J., in *Moore* v. *Gidney*, 75 N. C., 34.

His language is this: "Where infant defendants, in a civil action or special proceeding, have no general or testamentary guardian, *before a guardian ad litem can be appointed*, a summons must be served upon such infant, and a copy of the complaint, with the summons, must be served or filed according to law."

To secure protection to infant defendants in suits, this court adopted a rule, when the rules were last revised, that "all motions for a guardian *ad litem* shall be made in writing, and the court shall appoint such guardian only after due inquiry as to the fitness of the person to be appointed; and such guardian must file an answer in every case." Rule of Practice in Superior Courts, 89 N. C., 612.

These requirements have been entirely disregarded in the present case, and precipitate action had in the superior

BARCROFT *v.* ROBERTS.

court, which we cannot recognize and uphold, without a surrender of all the safeguards which the law throws around an infant for the protection of his interests.

The cause must be remanded to the superior court of Granville county, and it is so ordered.

Remanded.