LEVI CATES, Adm'r, v. MARTHA E. PICKETT.

*Judicial Sales—Irregular Judgments—The Code, §387.*

1. Before the adoption of the new system of procedure, it was the common practice for the administrator to file his petition to sell land for assets, and if the heir was an infant, to have a guardian *ad litem* appointed without any service upon the infant at all.

2. The appointment of a guardian *ad litem* is valid, although the infant has not been regularly served with process, but has only accepted service thereof.

3. Where an administrator filed a petition to make assets, and the heir at law, an infant under fourteen years old, accepted service of the summons, and a guardian *ad litem* was appointed, but no actual service was ever made; *It was held*, that the irregularity was cured by §387 of *The Code.*

(*Hare* v. *Holloman,* 94 N. C., 14; *Sumner* v. *Sessoms,* 94 N. C., 371; *Williams* v. *Williams,* 94 N. C., 733; *Fowler* v. *Poor,* 93 N. C., 466; *Williamson* v. *Hartman,* 92 N. C., 236; *England* v. *Garner,* 90 N. C., 197; *Howerton* v. *Sexton,* 90 N. C., 581; *Mauney* v. *Gidney,* 88 N. C., 300; *Johnson* v. *Futrell,* 86 N. C., 122; cited and approved. *Moore* v. *Gidney,* 75 N. C., 34; *Allen* v. *Shields,* 72 N. C., 504; *Bass* v. *Bass,* 78 N. C., 374; *Stancil* v. *Gay,* 92 N. C., 462; *Larkins* v. *Bullard,* 82 N. C., 25; *Morrison* v. *Gentry,* 89 N. C., 248; *Mathews* v. *Joyce,* 85 N. C., 258; distinguished).

MOTION in the cause to set aside a judgment, heard on appeal from the clerk, before *Clark, Judge,* at Chambers, on the 1st day of June, 1886.

This was a motion made in the cause to set aside a sale made by the plaintiff, as administrator of E. W. Pickett, heard before Clark, Judge, at Chambers.

On the 27th day of March, 1874, the plaintiff, as administrator, filed a petition in the Superior Court of the county of Orange, against the defendant, the only child and heir at law of the said E. W. Pickett, for a sale of the land belonging to the estate of his intestate, to make assets for the payment of debts and costs of the administration. The petition was duly verified, and on the same day a summons was issued by the clerk of the Superior Court of Orange for the defendant to appear "within twenty days after the service, and answer the complaint," &c.

On the same day, the summons was endorsed, "service accepted, and all errors waived," and signed by Martha E. Pickett.

On the same day, a petition was filed in writing by the plaintiff, setting forth that the defendant was the only child and heir at law of his intestate; that she was a minor without general or testamentary guardian, and asking the Court to appoint some suitable and discreet person, as guardian *ad litem* of the said Martha E. Pickett, upon whom service of summons may be made, and who may appear and answer in this action as such guardian."

On the same day, an order was made, appointing John W. Blackwood, guardian *ad litem*, and he filed an answer, stating that there was no objection to the sale, &c.

On the 7th day of May, 1874, two orders, as appear from the record, were made in the cause, the first reciting that, "upon reading and filing the petition in this case, and it appearing to the satisfaction of the Court that all proper persons have been made parties to the action and accepted service of the summons, and no answer has been filed; and there appearing no reason why the land mentioned in the petition should not be sold for the purpose of paying the debts of the deceased: it is therefore ordered," &c. The second order reciting that, "this cause coming on to be heard upon the petition and affidavits of Levi F. Cates, and being heard, and it appearing to the Court, that the personal estate of E. W. Pickett, deceased, is insufficient to pay the debts and charges of administration: it is therefore ordered and directed, that the administrator have license to sell," &c., setting forth time of notice, place, terms of sale, &c.

On the 17th day of June, 1874, the plaintiff made his report of the sale, setting forth, among other things, that the land was sold on the 15th of June, when Martha F. Cates became the highest bidder and purchaser, at the price of $475, and had complied with the terms of the sale, and that the land brought a good and fair price, and recommended a confirmation of the sale. On the 19th of June, an order was made confirming the sale, and directing title to be made to the purchaser upon the payment of the purchase money.

Some time in the year 187—, Martha F. Cates sold the land to J. W. Gattis, who afterwards sold separate portions of it to J. R. Gattis, Pendleton Cole, and J. L. Watkins, and the portion purchased by J. L. Watkins was afterwards sold by him to W. W. Fuller.

This was a motion by the defendant, who is now the wife of J. H. Woods, after notice to Levi F. Cates, Martha H.

Cates, J. W. Gattis, J. R. Gattis, W. W. Fuller and Pendleton Cole, moved on the 5th day of May, 1886, before the Superior Court of the county of Orange, " to set aside the judgment, orders and decrees in said case, and to hold the same and all proceedings thereunder, ineffectual to preclude the defendant from setting up title to the land mentioned in the petition." The motion was based upon the alleged ground, that the Court had acquired no jurisdiction of the person of the defendant. The affidavit of J. H. Woods was filed, setting forth that Martha E. Pickett was born on the 4th day of April, 1861, and intermarried with affiant in December, 1880. That the endorsement on the summons was in the handwriting of the counsel of the petitioner, Levi F. Cates, and that the signature of Martha E. Pickett to the endorsement was in her handwriting; that she was then an infant under fourteen years of age, and the endorsement was signed after the day it bears date, at the command of said Levi F. Cates, under whose control—as her step-father—she then was.

An affidavit of Martha H. Cates, the mother of the defendant and wife of the plaintiff, was filed, setting forth the age of her daughter, and that after she (the daughter) was twenty-one years of age, she received from Levi F. Cates and herself, the sum of $25, derived from the sale of the land, accompanied with a copy of the receipt therefor, signed by the defendant and her husband, and that she had heard the defendant say since she became of age, that she did not need the money, and asked Levi Cates to keep it for her.

The affidavit of L. F. Cates was filed, in substance that of Martha H. Cates.

The affidavit of J. W. Gattis was filed, setting forth that he had purchased of Martha H. Cates, for full value in money, in good faith, without notice of any fraud or irregularity in the sale or proceeding under which the sale was made; that he is now the owner of a portion of the land, having sold parts of it to other parties for value before any

notice of this proceeding, some of which had been resold, without any notice, &c., &c.

The clerk, after setting forth the record of the appointment of the plaintiff as administrator of E. W. Pickett, the filing of the petition, and other proceedings in relation thereto, as herein stated, and that the motion was made upon the ground that the defendant "was a minor when she married, and that there was no service of summons upon the guardian *ad litem*, and that she was not properly before the Court, and the whole proceeding void," gave the following judgment:

" That the proceeding was irregular, is admitted, but it is considered by the Court that the irregularity is cured by §387 of *The Code*, and it is adjudged that the motion to set aside the judgment be not allowed."

From the judgment there was an appeal by the defendant, which was heard at Chambers, and the judgment was affirmed, and from this judgment the defendant appealed to this Court.

*Messrs. W. W. Fuller* and *John W. Graham*, for the plaintiff.

*Messrs. R. C. Strudwick, J. A. Long* and *John Devereux, Jr.*, for the defendant, cited and relied on *Young* v. *Young*, 91 N. C., 359.

DAVIS, J., (after stating the facts). We think, by the well settled construction placed by this Court upon §387 of *The Code*, the irregularities in the proceeding and judgment sought to be set aside by the motion in this cause were cured, and there was no error in refusing to allow the motion.

Owing to the great change in our judicial system and practice, caused by the adoption of *The Code*, there was much uncertainty as to the correct mode of procedure, and many irregularities resulted from a want of familiarity with the

new practice. Some legislation was absolutely necessary to cure these defects, and this Court has now frequent occasion to pass upon questions bordering on the shadowy line that separates proceedings and judgments absolutely void, from those that are irregular—some of them exceedingly so—but within the curative power of the Legislature.

The proceedings and judgment in this case are within both the letter and spirit of §387, and illustrate the justice of, and the necessity for its enactment. Under the old practice, it was quite common—in fact, the general practice—for the administrator to file his petition against the heir to make assets, and if an infant, without any service upon him, have a guardian *ad litem* appointed, who would accept service and answer for him. In this case, whether the acceptance of service by the infant defendant be treated as valid or null, there was a guardian *ad litem* appointed by the Court to defend her interest; he answered for her, and the Court proceeded to adjudicate the cause, which was clearly within its jurisdiction. *Hare* v. *Holloman,* 94 N. C., 14; *Sumner* v. *Sessoms,* 94 N. C., 371; *Williams* v. *Williams,* 94 N. C., 733; *Fowler* v. *Poor,* 93 N. C., 466; *Williamson* v. *Hartman,* 92 N. C., 236; *England* v. *Garner,* 90 N. C., 197; *Howerton* v. *Sexton,* 90 N. C., 581; *Mauney* v. *Gidney,* 88 N. C., 200; *Johnson* v. *Futrell,* 86 N. C., 122.

This motion is based upon the affidavits of the husband, not those of the defendant, made more than twelve years after the sale which it seeks to make void, and long after the property had passed by conveyance from the original purchasers to other persons. There is no allegation of any actual fraud, nor is the proceeding impeached for fraud, which would bring it within the saving of the proviso of §387. The irregularities which had grown out of the failure to comply with the provisions of chapter 17, §59 of Battle's Revisal, as construed by the Court, were those which §387 was intended to cure; and, of course, if the provisions of that chapter had

been complied with, as it is insisted by counsel for the defendant ought to have been done, there would have been no necessity for the remedial legislation. *Moore* v. *Gidney*, 75 N. C., 34; *Allen* v. *Shields*, 72 N. C., 504; *Bass* v. *Bass*, 78 N. C., 374; relied on, were all prior to the passage of §387, and it is more than probable that the construction placed upon the law in those cases, led to the enactment of that section.

We will not consider the constitutional question presented by counsel for the defendant, for the power of the Legislature to pass the curative act, so far as it applies to this case, is well settled by this Court, which renders it unnecessary for us to discuss that point.

The cases of *Stancil* v. *Gay*, 92 N. C., 462; *Larkins* v. *Bullard*, 88 N. C., 25; *Morris* v. *Gentry*, 89 N C., 248; *Mathews* v. *Joyce*, 85 N. C., 258; and other authorities cited by counsel for defendant, are distinguishable from this, in that, in those cases, there was either no service of process at all on the infant or guardian *ad litem*, or no appearance for the infant, or fraud, or other vitiating facts, that rendered the proceedings absolutely void, and not merely irregular.

There was no error. Let this be certified.

No error. Affirmed.