M. E. HUGHES, SR., et al. v. D. T. PRITCHARD et al.

(Filed 6 October, 1910.)

1. **Process—Infants Under Fourteen—Service—Guardian Ad Litem.**
    It appearing on appeal that the trial judge set aside a final judgment in proceedings to partition land, because there were certain infants under the age of fourteen who were not personally served as required by the statute, the judgment is affirmed, though a guardian *ad litem* had been appointed and served with process.

2. **Same—Interpretation of Statutes.**
    Revisal, sec. 441, validating decrees and judgments in civil actions and special proceedings in which there was no personal service of summons on infant defendants, does not cure the defect of failing to meet the requirements of the statute where neither the infants nor any other person in their behalf are served with summons.

3. **Process—Infants Under Fourteen—Legislation.**
    The reason that under the age of fourteen is fixed by the statute as that wherein service of summons should be personally made on infants, etc., is one for the Legislature. *Ita lex est scripta.*

4. **Process—Infants Under Fourteen—Partition— Final Judgment— Meritorious Defense—Representation—Estoppel.**
    While a final judgment in proceedings to partition land is ordinarily merely voidable as against infants under fourteen not per-

sonally served with summons as required by the provisions of the
Revisal, secs. 440(2), 406, the order of the trial court in setting
aside the judgment as to the infants will not be disturbed on
appeal, it appearing that the action is between the original parties
and that no rights of third persons have intervened; that they
had a meritorious defense, claiming an equitable estate in the
lands partitioned; that though a guardian *ad litem* had been
appointed, he made no real defense; and *held*, that the doctrine
of representation, the parties being *in esse*, and of estoppel, are
inapplicable. (*Larkins v. Bullard*, 88 N. C., 35, cited and ap-
proved; *Roseman v. Roseman*, 127 N. C., 494, cited and distin-
guished.)

APPEAL from *Ferguson, J.*, at the March Term, 1910, of
CAMDEN.

This was a motion made in a special proceeding to set aside
the final decree theretofore entered, appealed to the Superior
Court of Camden County and heard in term. The defendants,
other than D. T. Pritchard, moved before the clerk of the Su-
perior Court of Camden County to set aside and vacate the final
decree, report of commissioners and order or partition in the
special proceeding for partition, begun in said court on 9 June,
1898. Upon the affidavits and records offered before him, his
Honor found the following facts:

At Spring Term, 1896, of Camden Superior Court, M. E.
Hughes and M. E. Hughes, Jr., commenced action against D. T.
Pritchard to recover an undivided two-thirds of that certain
tract of land in Camden County, known as the D. L. Pritch-
ard home place of five hundred acres and set up a parol contract
and recovered an undivided two-thirds of the said tract of land
against the said D. T. Pritchard.

That on the 9th day of June, 1898, the said plaintiffs com-
menced a special proceeding before the clerk of the Superior
Court of Camden County for partition of said tract of land, in
which these plaintiffs alleged that they .were owners of two-
thirds interest, and D. T. Pritchard the owner of the other one-
third, making D. T. Pritchard and all of his children party de-
fendants. That the summons was served upon them by the sher-
iff of Camden County, on D. T. Pritchard and each of the chil-

dren personally, by the sheriff reading the summons to each of them, and by leaving a copy of the summons with D. T. Pritchard, with whom the children resided.

That D. T. Pritchard was appointed by the court guardian *ad litem* for the infant defendants and declined to serve. That on the 23rd day of June, 1898, the court appointed M. B. Hughes, guardian *ad litem* of William, John Franklin, George, Judson, Sanborne, Iva and Florine Pritchard. That summons was issued for M. B. Hughes, guardian *ad litem* for said defendants, and he accepted service upon the said summons.

The said M. B. Hughes, guardian *ad litem* for the infant defendants, filed an answer for them, which is made a part of the findings of this court. That there was no copy of the summons left with either of the infant defendants. It was adjudged by the court that the plaintiffs and D. T. Pritchard owned the said tract of land as tenants in common, and that the plaintiffs own two-thirds, and defendant, D. T. Pritchard, owns one-third thereof. That the commissioners appointed in the order at the time failed to serve and make partition. That in lieu of them was appointed John Jacobs, H. D. Sawyer and S. R. Edney, who went upon the lands, after being duly sworn by the said sheriff, and made division of said lands, and filed their report with the clerk of the Superior Court.

That the report of the commissioners remained on file from the 30th day of August, 1898, until its hearing on the 21st day of November, 1898. That notice was served on each of the defendants personally, no copy being left with any of the infant defendants, at which time defendants appeared and filed exceptions to the confirmation of the report. Said objections are made a part of the findings of this court.

Objections were overruled.

"That afterwards counsel was employed and appeared in the name of all the defendants, who gave notice of appeal, and the same was appealed to the Superior Court at term. The court finds the ages of the infant defendants as set out in the petition for partition of said lands in this cause.

"Upon the hearing of the appeal before his Honor, Judge Coble, he found the facts and filed his judgment, which is made a

part of the findings of this court. Upon the foregoing findings, the court is of the opinion that the infant defendants under fourteen years of age were not properly served and are not bound by the judgment. And that the interest of D. T. Pritchard and the infant defendants were adverse.

"It is, therefore, ordered and adjudged by the court, upon motion of H. S. Ward and W. A. Worth, that the judgment be vacated as to the infant defendants, who at the time of the alleged services, to-wit, on the 11th day of June, 1898, were under fourteen years of age, and that the plaintiffs pay the cost of these proceedings, to be taxed by the clerk of this court."

It further appears, from the petition filed on 13 June, 1898, that the plaintiffs, as petitioners, alleged that the plaintiffs and defendant, D. T. Pritchard, were tenants in common of the land described therein, the plaintiffs owning two undivided thirds and the said D. T. Pritchard owning one undivided third; that the land was capable of actual partition; that the plaintiffs desire to have their said part set apart to them in severalty; that Mary E. Hughes, Sr., owns a life estate in the two-thirds part, and Mary E. Hughes, Jr., owns the remainder in fee of the two-thirds part; that the defendant Alice is the wife of D. T. Pritchard and the other defendants (eleven in number) are their children and heirs-at-law of D. T. Pritchard; of these, four, whose names are given, were over twenty-one years of age, three under twenty-one, but over fourteen, and four under fourteen years of age. The summons was served upon the defendant, as appears by the return of the sheriff, in the manner found by his Honor. Prior to the institution of the special proceedings, the plaintiffs had brought suit and it had been ended by a final judgment (122 N. C., 59), establishing their equitable title to a two-thirds interest in the land sought to be partitioned. D. T. Pritchard was the owner of the legal title, but these plaintiffs in that action attached to it a parol trust in their favor for a two-thirds interest. D. T. Pritchard was the sole defendant to that action. They also recovered a judgment against him for something over $1,000 for rents received by him and held for plaintiffs. The infant defendants in the special proceeding claim that their father is the holder of the legal title in trust for them and that

the plaintiffs were fixed with notice of their equitable title, because in the very action in which they established their equitable title, the witnesses of the plaintiffs testified to the terms of the trust, upon which D. T. Pritchard held the legal title, to-wit, two-thirds for the plaintiffs and one-third for the children of D. T. Pritchard. Upon the foregoing facts, his Honor granted the motion of such of the defendants as were, on 11 June, 1898, under fourteen years of age, and denied it as to the other defendants. From the judgment of his Honor the plaintiff appealed to this Court.

*Pruden & Pruden, J. C. B. Ehringhaus* and *E. F. Aydlett* for plaintiffs.
*W. A. Worth* and *H. S. Ward* for defendants.

MANNING, J. In the consideration of the question presented by this appeal, neither the rights of a stranger to the proceeding nor the rights of a purchaser for value without notice, are involved; the only parties interested are the original parties to the special proceedings. After the final judgment in the special proceeding was entered, the plaintiffs had execution to issue on their money judgment recovered in the previous action against D. T. Pritchard, and, after having his homestead allotted in the part allotted to him in the special proceedings, purchased the excess at a nominal sum at execution sale and took deed therefor. They claim now under that deed. The record of the special proceedings presents some unusual features. While D. T. Pritchard, his wife and all his children are made parties defendant, infants and adults, it is distinctly alleged that the only tenants in common of the land described in the petition are the plaintiffs owning a two-thirds interest, and the defendant, D. T. Pritchard, owning a one-third interest. The only ground even suggested in the petition why the children of D. T. Pritchard are proper parties is that they are the "heirs-at-law" of their *living* father. No relief is asked as to them; no estate, legal or equitable, in fee or for life, present or contingent, is alleged to be theirs, but it is particularly stated in the petition that the defendant, D. T. Pritchard, is the owner of the other one-third

interest. There are other irregularities in the proceedings. The summons for the guardian *ad litem* was issued on 23 June, 1898, returnable 28 June; service accepted 24 June, 1898, the answer filed by him is verified 20 June, 1898; the order of the court directing partition in the proportions stated in the petition is made 28 June. Having received notice of the equitable estate of the infants in the action brought by the plaintiffs to establish their own equitable title, it is not difficult to discover the purpose that prompted them to make these infants party defendants, and to now insist that, having been parties, though with no allegation of any interest in the subject-matter of the litigation, they are concluded by the judgment because they were parties to the record. Within ten days after the final order confirming the petition, the plaintiffs caused execution to be issued on their money judgment against D. T. Pritchard and purchased, for a small sum, the excess over the homestead at the execution sale, as before stated, and assert title thereto under the deed made to them by the sheriff. Unless constrained to do so by well-settled principles of law, approved by the decisions of this Court, we are unwilling to sanction the method pursued and to consummate, by our decision, the apparent wrong to these infants, for to do so would be, first, to bind them and then to take from them their estate. Proceeding now to consider the grounds upon which the learned counsel of the plaintiffs seek to sustain the finality of the judgment in the special proceedings for partition, and the freedom from impeachment by these infants of those proceedings, it is contended that as some of the defendants to that proceeding, adults as well as infants over fourteen years of age, having the same interest in the litigation as the infants under fourteen years of age, were properly served with summons, the court had jurisdiction to appoint, and did appoint, a guardian *ad litem* for all the infant defendants, and, he having answered, the infants under fourteen years of age are concluded by the judgment of the court as effectually as if they had been personally served; and this contention is rested upon the provisions of sec. 406, Revisal, Code, sec. 181; Bat. Rev., sec. 59, c. 17; Acts of 1871-2, ch. 95, sec. 2. This result, it is contended, would follow notwithstanding there was a failure to serve the summons upon these infants

in the manner prescribed by sec. 440 (2) Revisal. In its final analysis, this contention means that no service of summons on infants under fourteen years of age need be made where there are other persons defendant, upon whom proper service has been made; and that the court may appoint a guardian *ad litem* for them and render judgment which will effectually conclude them. This contention, if sound, would require the prescribed service upon infants under fourteen years of age to be made only in those civil actions or special proceedings where such infants are the sole defendants. Such a construction of the statute we do not find supported by any decision of this Court, nor is it in accord with the adjudications of other courts. On the contrary, in *Moore v. Gidney,* 75 N. C., 34, *Bynum, J.,* in speaking for the Court, said: "When infant defendants, in a civil action or special proceeding, have no general or testamentary guardian, before a guardian *ad litem* can be appointed, a summons must be served upon such infant and a copy of the complaint also be served or filed according to law." Then, after discussing the procedure prescribed by sec. 406, Revisal, he continues in these forceful words: "So careful is the law to guard the rights of infants and protect them against hasty, irregular and indiscreet judicial action. Infants, are, in many cases, the wards of the courts, and these forms, enacted as safeguards thrown around the helpless, who are often the victims of the crafty, are enforced as being mandatory, and not directory only. Those who venture to act in defiance of them, must take the risk of their action being declared void or set aside." *Nicholson v. Cox,* 83 N. C., 44; *Matthews v. Joyce,* 85 N. C., 258; *Young v. Young,* 91 N. C., 359; *Ward v. Lowndes,* 96 N. C., 367; *Carraway v. Lassiter,* 139 N. C., 145; *White v. Morris,* 107 N. C., 93; *Stancil v. Gay,* 92 N. C., 462; *Gully v. Macy,* 81 N. C., 356. In *Carraway v. Lassiter, supra, Connor, J.,* speaking for this Court, said: "The only serious question of law presented by the exceptions, is whether the court acquired jurisdiction of the person of Inez Carraway. The petition was filed on or about the 12th day of October, 1896, and the clerk, on the 15th day of the same month, and before any summons was issued, made an order appointing a guardian *ad litem.* This was certainly irregular, and

if not cured would have been fatal to any further proceeding. Clark's Code, sec. 181, and cases cited. The clerk on the same day, issued summons which was duly served on the infant defendant and her husband and the guardian *ad litem.* This certainly brought her into court, as it did the guardian prematurely appointed. He filed his answer, and the court, upon the return day, proceeded to judgment." In the proceedings considered in that case, there were other defendants than the infant. The learned judge then proceeded: "We have carefully examined the cases relied upon by petitioners, and find that the court has, in cases wherein the proceedings were instituted since the adoption of the Code, set aside judgments, etc., when no service of process was made upon the infants and refused to do so when the infant was in court, notwithstanding irregularities in the proceeding. In *Moore v. Gidney, supra; Gulley v. Macy, supra; Young v. Young, supra*; *Stancil v. Gay, supra*; no summons was served on the infant defendant, guardians *ad litem* were appointed without personal service on the infants, and filed answers. This Court has, in such cases, invariably held that the court acquired no jurisdiction. When, however, personal service was made on the infants, a contrary ruling has been made." In *Gulley v. Macy, supra; Young v. Young, supra; Ward v. Lowndes, supra; Stancil v. Gay, supra,* there were defendants other than infants, upon whom there had been proper service of summons. In *Ward v. Lowndes, supra, Merrimon, J.,* speaking for this Court, said, and this is quoted with approval in *Carraway v. Lassiter, supra:* "This statute (Code, sec. 181) should be strictly observed, but mere irregularities in observing its provisions, not affecting the substance of its purpose, do not necessarily vitiate the action or special proceedings or proceedings in them. The substantial purpose of this statute is to have infants in proper cases made parties defendant, have them make proper and just defense, and to have their rights protected, and to this end have guardians make their defense for them." The present statute, in its present wording, has been the law of this State for nearly forty years, and questions involving the property and rights of infant defendants, upon whom process has not been regularly served, have been, in many cases, presented

to this Court, and in none of these numerous cases can there be found a suggestion of this Court that supports the construction of the statute now contended for by the plaintiffs, although according to its letter, the statute may admit of such construction. If such construction had been adopted, the decision of the many cases presented would have been rendered easy. In addition to the influence of these decisions, the Legislature of the State, following the construction of this statute, as declared in *Moore v. Gidney, supra; Allen v. Shields,* 72 N. C., 504; *Bass v. Bass,* 78 N. C., 374 (as is suggested by this Court in *Cates v. Pickett,* 97 N. C., 21), enacted at its session in 1879, the curative act, now sec. 441, validating the decrees and judgments in civil actions and special proceedings, in which there was no personal service of summons on the infant defendants; and the irregularity which that act was intended to cure was the omission to make personal service on the infant, "but it did not embrace cases where no service was made upon the infant or any other person in his behalf, as the statute requires to be done." *Perry v. Adams,* 98 N. C., 167; *Cates v. Pickett, supra; Hare v. Holloman,* 94 N. C., 14; *Stancil v. Gay,* 92 N. C., 462. It is, further, contended that no protection can come to the estate of an infant under fourteen years of age by requiring summons to be delivered to him. That is a legislative question, and its wisdom or lack of wisdom should be properly addressed to the legislative branch of the State government. It has never been held as a fault in the law-making power of the State that it has required an excess of service of judicial process, but only has the deficiency of its method of service been called in question before the Court. Why the Legislature has seen proper to prescribe a different manner of service upon infants over fourteen years of age and under fourteen, why reading to one and a delivery of a copy to the other, it is not for us to say, the conclusive answer is *"Ita lex est scripta."* The decisions of other courts are in accord with the decisions of this Court, as cited above: *Wells v. Mortgage Co.,* 109 Ala., 430; *Hearing v. Ricketts,* 101 Ala., 340; *Boodurant v. Sibley Huis,* 37 Ala., 565; *Cheatham v. Whitman,* 86 Ky., 614; *Chambers v. Jones,* 72 Ill., 275; *Whitney v. Porter,* 23 Ill., 445; *Helms v. Chadbourne,* 45 Wis., 60; *Price v. Winter,*

15 Fla., 66; *McMautry v. Fairley*, 194 Mo., 502; *Wright v. Hink*, 193 Mo., 130; 10 Cyc., 678. Construing the two sections together, we hold that sec. 440 (2), Revisal, prescribes the manner of service upon infants under fourteen years of age, and that sec. 406, Revisal, authorizes the appointment of guardians *ad litem* and prescribes the procedure to be observed after their appointment; so that, as has been uniformly held in this State, where a defective or incomplete service upon, such infants has been made, but a guardian *ad litem* has been appointed in substantial compliance with the requirements of sec. 406, Revisal, and the court has proceeded to judgment in the action or proceedings, such defective or incomplete service upon the infants constitutes but an irregularity, which renders the judgment not void, but voidable only, which cannot be collaterally impeached, and which will not be vacated or set aside solely for such irregularity, when the rights of *bona fide* purchasers for value without notice have intervened. The reasoning which induced the holding that such defects rendered the judgment merely irregular, are stated with great force and clearness by *Ruffin, J.*, in speaking for this Court in *Sutton v. Schonwald*, 86 N. C., 198, which case has since been many times cited with approval.

It is further contended by the plaintiffs that the interests of the infants under fourteen years of age were identical with the other children of D. T. Pritchard, some of whom were adults and others infants over fourteen, who were brought into court by proper service of summons, and there being this identity of interest, the principle of class representation would apply, and the alleged irregularity in the proceedings would be cured. This is an extension of the doctrine of class representation beyond the limitation which we think this Court has placed upon it. In *Card v. Finch*, 142 N. C., 140, this Court said: "The defendants suggest that the widow, life-tenant, being a party, those in succession are bound by the judgment, upon the doctrine of representation. It is true that the courts have uniformly held that where there are contingent limitations, or bare possibilities, and all the persons who may, upon possible contingencies, become entitled, are not *in esse*, they may be bound by decrees made when the owners of the land are parties. This doctrine has well-de-

fined limitations which exclude its application to the plaintiffs. It originated in necessity—to prevent titles being encumbered for unreasonable periods, and the sacrifice of the interests of one or more generations. It is also sustained upon the ground that a bare possibility is not a vested right. It has never been applied to the divesting of a vested remainder, or *in any case* where those who would be entitled in remainder are *in esse* and may be brought before the court in *propria persona.* In such cases, there is no necessity for resorting to the doctrine of representation. *Cessante ratione legis cessat et ipsa ˚lex." Springs v. Scott,* 132 N. C., 548. See also *Lawrence v. Hardy,* 151 N. C., 123, wherein is considered the effect of a judgment in partition upon "parties unknown." It is further suggested that the decision of this Court in *Roseman v. Roseman,* 127 N. C., 494, is in conflict with the conclusion we have reached in this case. We do not think ·there is necessarily such conflict. In that case, being an action brought to substitute a trustee for one named in a will, who declined to accept his testamentary appointment and perform the trusts declared by the will, there were, among the defendants, infants under fourteen years of age. The summons was served upon them by delivering a copy, but no copy was delivered "to the father, mother or guardian, etc.," as prescribed by the statute. A guardian *ad litem* was regularly appointed, summons regularly served upon him and he filed answer. The mother of the infants was a party defendant and served with summons. The court appointed a trustee, who entered upon the discharge of the trusts and performed important services thereunder. Subsequently the infants moved to set aside the judgment, solely upon the ground of defective service upon them. The motion was denied, and upon appeal to this Court the judgment was affirmed. It does not appear in the case, as reported, that any injury was done the infants by the appointment of a trustee or the judgment of the court. That the judgment was irregular and not void, under the decisions of this Court as applied to the facts of the case, is clear; but we are constrained to repeat again the doctrine so clearly stated in *Sutton v. Schon-* ˎ *wald,* that "whatever formalities are prescribed must be punc-

tually fulfilled, as the courts have no power to dispense with the requirements of a statute, and most especially is this principle rigidly adhered to in the case of judicial and probate sales." While the neglect to observe the statutory requirements to serve process in the prescribed way is a menace *inter partes* and except as to purchasers for value in good faith and without notice, to the integrity of a judgment rendered in a civil action or special proceeding, yet it does not follow that for such irregularity the court will vacate its judgment upon motion in every case, and this condition, as it should be, is largely due to the view that the courts are the guardians and protectors of the rights and property of infants. The principle which should govern the courts in the exercise of this remedial power are clearly stated by this Court in *Williamson v. Hartman,* 92 N. C., 236 (quoted with approval in 1 Black on Judg., sec. 326, and many times approved by this Court): "This, however, does not imply that every judgment affected in any degree, directly or indirectly, by some, or any irregularity in the course of the action leading to it, will be set aside. Some irregularities are unimportant and do not affect the substance of the action or the proceedings in it; there are others of more or less importance that may be waived or cured by what may take place or be done in the action after they happen; and there are yet others so serious in their nature as to destroy the efficacy of the action and render the judgment in it inoperative and void. Whether the court will or will not grant such a motion in any case, must depend upon a variety of circumstances and largely upon their peculiar application to the case in which the motion shall be made. Generally, a judgment will be set aside only when the irregularity has not been waived or cured, and has been or may be such as has worked, or may yet work, serious injury or prejudice to the party complaining interested in it, or when the judgment is void. The court will always, upon motion, strike from its record a judgment void for irregularity." Speaking to the facts of the particular case, the Court further said: "Granting that the method by which the appellant was made a party to the proceeding was not strictly regular, still he has not shown that he was reasonably diligent in looking after his interests in it after he became

of age, nor has he shown that he has suffered serious wrong or prejudice by reason of the irregularity of which he complains, or that he may yet probably so suffer. Indeed it appears the judgments complained of were just and proper."

Our conclusion is that the judgment of his Honor in setting aside the judgment complained of in behalf of these infants, should be affirmed upon the facts of the case as presented, because (1) the summons was irregularly served upon them, (2) according to the ages given in the petition filed in the special proceedings, three, certainly, and probably all of them, are still minors, (3) they had a meritorious defense in that, for the purposes of this motion, it sufficiently appears that they had an equitable estate in one-third undivided interest in the land sought to be partitioned, (4) that no real defense was made for them by the guardian *ad litem,* (5) under the doctrine of estoppel, which applies to proceedings in partition, as held by this Court in *Buchanan v. Harrington,* 152 N. C., 333, and the authorities therein cited, and which it is contended would conclude these infants in the present case, it would be, as is said in *Larkins v. Bullard,* 88 N. C., 35, "a plain violation of right to leave the judgment standing so as to operate as an estoppel upon these infants, when the Court can see no real defense was ever made for them," though we leave open the interesting question whether parties made defendant to an action or special proceedings, against whom, in the one case, no cause of action is stated, and in whom, in the other case, no interest or estate in the subject-matter of the litigation is alleged to exist, are estopped and concluded by the judgment solely because they were parties to the action or special proceedings. Finding no error, the judgment is

Affirmed.