[No. 5039.]
[No. 2601 C. A.]

STICKLEY v. MULROONEY ET AL.

**Mines and Mining—Tenancy in Common—Accounting—Contribution—Unauthorized Expenditures.**

In an action for accounting by one co-owner against the other co-owners of mining property, the defendants, in accordance with an order of the court, paid into the registry the amount of money which the court found they held as trustees for plaintiffs; and thereafter the defendants in operating said mine, without plaintiff's consent or objection, made expenditures in developing the mine and buying machinery therefor, and then applied to the court for an order to withdraw from the registry a sufficient sum to meet plaintiff's pro rata share of the expenditures. Held, that they were not entitled to ask contribution from plaintiff out of the fund in court, but must get such contribution, if at all, from the further profits realized from the property.—P. 244.

*Appeal from the District Court of Lake County.*
*Hon. Frank W. Owers, Judge.*

Action by B. F. Stickley against Patrick Mulrooney and others. An order directing that part of the sum deposited in court be paid by the clerk to defendants, plaintiff appeals.        *Reversed.*

Mr. JOHN A. EWING and Messrs. PATTERSON, RICHARDSON & HAWKINS, for appellant.

Mr. JUSTICE STEELE delivered the opinion of the court:

The plaintiff (appellant here), in his complaint filed in the district court of Lake county, alleged that he, at the time of the filing of the suit, was the owner in fee of an undivided one-sixteenth interest in the Greenback lode mining claim, situate in said county. He further alleged that the said mining claim was of great value, and that his co-owners, since the year 1894, had been extracting large quantities of gold-, silver- and lead-bearing ores therefrom; and that, after paying the legitimate expenses of mining and extracting the ore and mineral from said premises, the defendants had realized a large sum of money, to wit, the sum of one hundred and sixty thousand dollars. He prayed judgment for the sum of ten thousand dollars, for an accounting, and for an injunction restraining the defendants from in any manner disposing of the proceeds arising from the premises, and that the said injunction be made perpetual. Later, he applied for a receiver. The application for the receiver was denied, but the court, finding that the defendants had certain sums of money in their hands which they held as trustees for the plaintiff, ordered paid into the registry of the court the amount of money due to Stickley as the owner of the one-sixteenth interest in the property.

In June, 1901, the defendants filed a petition in the district court setting forth that they were owners of an undivided fifteen-sixteenths interest in the said lode, and that the title to the one-sixteenth interest was in dispute. They further represented that they had been operating said premises for many years past, and that on or about the 28th of September, 1900, there had been a profit realized to the one-sixteenth interest of upwards of six thousand,

four hundred dollars, and that that amount had been paid into the registry of the court pursuant to the order of the court. They further set forth in said petition that, since the said 28th of September, no proceeds had been realized from the operation of said premises, and that, since the last order of court, there had necessarily been incurred a certain indebtedness for and on behalf of the interests in said Greenback lode amounting to upwards of thirty-two thousand dollars, and praying the court for an order to withdraw from the registry of the court the sum of fifteen hundred dollars. This application was resisted, and a hearing was had. The court ordered the sum of fifteen hundred dollars to be paid by the clerk to the defendants. The plaintiff appealed to the court of appeals.

It appears, from the testimony taken, that the mine was shut down, and filled with water, in July, 1900; that the water remained in the shaft from July until January, 1901, and that the money expended had been expended in exploration and in sinking the shaft. It further appears that there were no shipments made from the mine after June, 1900; that the shaft had been sunk about one hundred and twenty-five feet, and that much of the money which it was stated had been expended upon the property had been expended in buying a plant of machinery. The plaintiff requested the court to require the defendants to give a bond for the return of the fifteen hundred dollars, which the court refused. The plaintiff never granted permission to the defendants to expend money in his behalf in the working of the property; and it was stated, on cross-examination, that the plaintiff never notified the defendants herein not to work the property.

The judgment must be reversed. It appears to be well settled that one co-owner, without the con-

sent of the other co-owners, cannot demand from the co-owners, who have not joined with him or in some way given their consent to the development or prospecting in mining property, remuneration for expenses incurred in so prospecting or developing the common property. At the time the deposit was paid into the registry of the court, the mine had been operated for several years by the owners of fifteen-sixteenths interests in the property, and a large profit had been realized from the ore. After this division of profits was made, the mine was shut down. Thereafter the owners of the majority interests began further development and prospecting, and spent large sums in such work, as well as in the purchase of machinery, and it is for this they ask contribution from the plaintiff, and it was for these expenditures that the court ordered the sum of fifteen hundred dollars withdrawn from the registry. After a balance has been struck and a division of profits made, under the circumstances present in this case, if the owners of a majority interest desire to make further exploration of the property, they have a right to do so, but they cannot require the minority owners to contribute their share of the expense incurred in so doing out of the profits divided; they must get contribution, if at all, from the further profits realized from the property.

"A cotenant in possession, whether his interest be large or small, cannot bind those who do not voluntarily participate in the venture. He cannot force contribution for improvements made, nor for the cost and expense of developing or working."—Lindley on Mines, p. 1422; *Neuman v. Dreifurst,* 9 Colo. 228; *Rico Red. and Min. Co. v. Musgrave,* 14 Colo. 79; *Brunswick et al. v. Winter's Heirs,* 3 New Mex. 24.

The judgment is reversed.          *Reversed.*

The CHIEF JUSTICE and Mr. JUSTICE CAMPBELL concur.