[No. 4914.]

WOLFE ET AL. v. CHILDS ET AL.

1.  **Mines and Mining—Vendor and Vendee—Bond to Convey— Assignment.**

A grantee in a bond for a deed becomes, on the assignment by him of an interest in the bond to a third person, a trustee of such interest in favor of the third person, and, on the conveyance under the bond of the legal title to him, he holds the same for the benefit of such third person.—P. 126.

2.  **Same—Bona Fide Purchasers—Notice.**

The owner of an undivided fourth interest in a mining claim executed a bond for a deed to a third person, who assigned a half interest in the bond. The bond and assignment were recorded and such third person obtained a conveyance of the legal title. Held, that those who succeeded to the third person's title took the same subject to the rights of the assignee, and held the legal title in trust for him.—P. 127.

3. Mines and Mining—Tenancy in Common—Mutual Rights and
       Liabilities—Enjoyment and Use of Property.

One tenant in common of a mining claim, who, without the
consent of his co-tenants incurs expenses in prospecting, cannot
demand contribution from them; but a tenant operating a mine
may, when called on to account for the profits, set off as against
a non-operating tenant, the cost of the necessary improvements,
on his showing that the improvements were necessary and en-
hanced the value of the common property.—P. 129.

4. Mines and Mining—Tenancy in Common—Care of Property—
       Services of Co-Tenant—Compensation.

Tenants in common, in the absence of a special agreement
or mutual understanding to that effect, are not entitled to com-
pensation from each other for services rendered in the care and
management of the common property.—P. 129.

*Error to the District Court of Lake County.*
*Hon. Frank W. Owers, Judge.*

Action by Minnie B. Childs, administratrix of
Charles D. May, deceased, against Augustus B. Sulli-
van, Maria. L. Russell, The Julia L. Real Estate
Loan and Investment Co., Aug. Zobel, Eli Larimer,
Ole Oleson, Gabriel Lake and Mike Libbi, in which
James S. Wolfe and George L. Hodges, Sarah S.
Chase, Stephen H. Standart and Alanson C. Bailey
intervened. From a judgment granting alleged in-
sufficient relief, intervenors bring error.

*Reversed and remanded.*

Messrs. HODGES, WILSON & HODGES, for plaintiffs
in error.

Mr. JOHN F. MAIL, for defendants in error.

This action was commenced by Minnie B.
Childs, administratrix of the estate of Charles D.
May, deceased, against the other defendants in error,
alleging a tenancy in common in the St. Louis lode
mining claim, and that defendants Zobel, Sullivan
and other defendants had wrongfully extracted ore
therefrom, and prayed for an accounting. Plaintiffs

in error intervened, claiming ownership of an un-
divided one-eighth interest in said claim through
conveyance by James M. Patrick, one of the original
locators, and the ownership in equity of an undivided
one-eighth interest acquired through an assignment
of a one-half interest in a certain bond for a deed
executed by Daniel Smullen, another of the original
locators, to W. F. Patrick; and alleged that defend-
ant in error Zobel had, through operating and leas-
ing said property, received a large amount of money
which he had applied to his own use, and which he
refused to account for; prayed for a determination
of their interest in the claim, and an accounting for
the moneys received.

In answer to the petition of intervention, the de-
fendants in error admit that intervenors own the one-
eighth interest in the property derived from J. M.
Patrick, but deny their ownership of the one-eighth
interest alleged to have been derived through Wil-
liam F. Patrick from Daniel Smullen. Defendant
in error Zobel denies that he has wrongfully worked
the property, and avers that he rightfully extracted
ores therefrom, and that his expenditures upon the
property in so doing exceeded the amount received
from ores so extracted, and claims a large balance
due him for such expenditures; prays an accounting
and judgment against intervenors for their propor-
tionate part of such expenses.

A referee was appointed to take testimony and
report findings of fact and conclusions of law. In
lieu of the findings and conclusions of the referee the
court made findings of fact and rendered a decree
thereon adjudging that intervenors were the owners
of an undivided one-eighth interest in the property,
instead of an undivided one-fourth interest, as
claimed by them. The facts upon which the court
based its conclusion that they were not the equitable

owners of the one-eighth interest claimed by virtue of the assignment to Chase of the one-half interest in the bond for a deed executed by Daniel Smullen to W. F. Patrick, are set forth by the court in its findings as follows:

"4. That on or about the 5th day of September, A. D. 1879, one Daniel Smullen, being then and there the owner of an undivided one-fourth interest in and to said lode mining claim, executed and delivered to said W. F. Patrick a certain bond for deed, wherein and whereby the said Daniel Smullen agreed to convey by good and sufficient deed an undivided one-fourth interest in and to the said St. Louis lode mining claim upon condition that the said W. F. Patrick should within one year from the date hereof pay to the said Smullen the sum of $850, which said bond contained the following provisions, to wit:

" 'I hereby agree that the said W. F. Patrick shall, on the expiration of this bond, have the privilege of renewing it for a further term of one year, or until the title of the claim is settled by law, on payment to me of $100 on or before the 5th day of September, 1880,' which bond was duly recorded on the 17th day of September, A. D. 1879.

"5. That on or about the 23d day of September, A. D. 1879, the said W. F. Patrick, in consideration of $50 paid to him, receipt of which was acknowledged, did assign and set over to one Henry J. Chase, Trustee, a one-half interest in and to said bond, which said assignment was evidenced by an instrument in writing executed on the day last aforesaid, and duly recorded on the 23rd day of September, A. D. 1879.

"6. The court further finds that on the 23rd day of August, A. D. 1880, the sum of $100 was paid by J. M. Patrick, as agent for W. F. Patrick, to the said Smullen; that said payment is evidenced

by a certain receipt in writing given by the said Smullen to the said J. M. Patrick on the 23rd day of August, A. D. 1880; that the same was duly recorded on the 7th day of September, A. D. 1880; * * * which said receipt is in words and figures as follows, to wit:

" 'ST. LOUIS, August 23, 1880.

" 'Received of William F. Patrick, by the hands of James M. Patrick, the sum of $100 in full for the sum to be paid by him to entitle him to an extension of one year from September 5th, 1880, of a certain bond executed by me to him for the conveyance of a one-fourth interest in the St. Louis mining claim, situated in Lake county, state of Colorado, and described in said bond. Said bond bears date September 5th, 1879.

" 'DANIEL SMULLEN.'

"That there is no evidence concerning any contract made on the date of said payment, or at all, with reference to said payment or the effect thereof.

"7. The court doth find that on or about the 26th day of November, A. D. 1881, the said Daniel Smullen conveyed to said W. F. Patrick the said undivided one-fourth interest in and to the said St. Louis lode mining claim for a consideration of $850, and that the mining deed evidencing such conveyance was duly recorded on the 1st day of December, A. D. 1881, * * * and there is no evidence of the date when said consideration was paid other than the instrument itself.

"8. That the litigation involving the title to said St. Louis lode mining claim, which had been initiated before the giving of said bond, was not settled until after the 26th day of November, A. D. 1881.

"9. That said W. F. Patrick retained the legal

title to said Smullen interest from the said 26th day of November, A. D. 1881, until, to wit, the 7th day of May, A. D. 1889, upon which date said W. F. Patrick, for and in consideration of the sum of one dollar, executed his mining deed conveying all of said interest to one Charles D. May; that said Charles D. May purchased said interest with actual and constructive notice of the execution of the aforesaid bond, the assignment of a one-half interest to Henry J. Chase, Trustee, the payment of $100 by James M. Patrick for W. F. Patrick on the 23rd day of August, A. D. 1880, and the language of the said receipt; that said May conveyed a one-third of said interest to said August Zobel, which is still retained by him, and one-third of said interest to said A. B. Sullivan, which interest is now vested in said The Julia L. Real Estate, Loan & Investment Company, and the interest retained by said May was included in the conveyance from said May to The Julia L. Real Estate Loan and Investment Company, hereinafter referred to."

Mr. JUSTICE GODDARD delivered the opinion of the court:

1. We do not think that in this state of facts the conclusion reached by the court as to the ownership of the one-eighth interest derived by Patrick from Smullen is correct. By the assignment of the one-half interest in the Smullen bond, Chase became the equitable owner of that interest, and was entitled to receive the legal title thereto in the event that Patrick acquired the legal title to the undivided one-fourth interest from Smullen through and in pursuance of the terms of the bond. In other words, Patrick, by his partial assignment of the bond to Chase, became trustee of the interest so assigned, and upon the conveyance of the legal title to him by

Smullen under and by virtue of the bond, he was vested with, and became trustee of, such title for the benefit of Chase to the extent of the interest acquired by him through such assignment, and continued to hold the legal title in trust until he parted with the same on the 7th of May, A. D. 1889, and, therefore, the defendants in error that succeeded to Patrick's title with actual and constructive notice of Chase's rights, took the same subject to such rights, and held the legal title in trust for him and his associates.

This conclusion, of course, is based upon the condition that Patrick acquired the title to the undivided one-fourth interest under and by virtue of the terms of the bond. That he did so acquire it, and that Smullen executed a deed on the 26th of November, 1881, in pursuance of, and to carry out, the obligation of his bond, which he recognized as in force at that time, are manifest from the consideration paid, and all the circumstances attending the transaction.

Assignments of error Nos. 2, 5 and 6 are, therefore, well taken.

2. Zobel, as owner of an undivided interest in the mine, under an agreement with A. B. Sullivan and The Julia L. Real Estate, Loan & Investment Company, but without the consent and after the refusal of intervenors to join with him therein, operated the mine from the 1st of May, 1898, until October 31st, 1902, and leased parts of the property containing ore bodies to certain lessees. As to the character of the work done by him, and the amount expended therefor, and the value of the ore extracted by him, and the amounts received as royalties, the court finds as follows:

"14. That said Zobel, prior to the 1st day of September, A. D. 1901, did considerable development work upon said property in the way of driving

drifts, tunnels and winzes for the purpose of exploiting and developing the same.    *    *    *

"15. That subsequent to the 12th day of April, 1898, the said Zobel had expended upon said property for development work, as aforesaid, the sum of $4,969.50; that part of said expenditure was for necessary work to the actual mining of ore aforesaid; that part of said work was non-productive and done on a part of the property remote from where the ore sold was mined, but was legitimate development and prospecting work in a part of said property that has yielded no income; that said Zobel performed personal services, expended labor and time in the course of said work of a reasonable value of two thousand, one hundred and eighty dollars and ninety cents ($2,180.90)."

And further finds that Zobel received from the ore extracted by himself and in royalties the sum of $9,953.06, and finds, as a conclusion of law, that he, Zobel, is entitled to retain the proceeds of the ore taken from the mine to the amount of $4,969.50 expended as aforesaid, and $2,180.90 for his personal services, and that the balance of $2,847.70 only should be credited and paid to the respective interests in the mine, the amount so credited to the intervenors being the sum of $355.97.

The intervenors contend that the conclusion of law announced by the court upon the facts as found by it is erroneous, for two reasons:

(1) That a portion of the work, as the court expressly finds, for which such expenditure was made, was "non-productive and done on a part of the property remote from where the ore sold was mined"; that it was simply prospecting, that resulted in no improvement of the property or benefit to the intervenors, and was a character of work for which Zobel was entitled to no credit.

(2) That it erroneously allows Zobel compensation for his personal services.

We think it is clear, from the finding of the court below, that a portion of the expenditure for which Zobel was allowed credit was made in doing work for which he was not entitled to contribution from these intervenors. As was said in *Stickley v. Mulrooney,* 36 Colo. 242, 244:

"It appears to be well settled that one co-owner, without the consent of the other co-owners, cannot demand from the co-owners, who have not joined with him or in some way given their consent to the development or prospecting in mining property, remuneration for expenses incurred in so prospecting or developing the common property."

While the operating tenant may, in case he is called upon to account for profits, set off as against a non-operating tenant the cost of the necessary improvements, he must show that such improvements were necessary and added to and enhanced the value of the common property. A portion of the expenditure for which credit was allowed Zobel was, we have seen, not of this character. What portion it is impossible to determine from the findings of the court; it appearing therefrom that part of the expenditure was for work which resulted in the development of the ore body which was opened at the time intervenors acquired title, and in extracting such ore, which would be a legitimate off-set, and a part was for prospecting and developing other parts of the mine, for which he was entitled to no contribution from the intervenors.

It is also well settled that tenants in common are not entitled to compensation from each other for services rendered in the care and management of the common property in the absence of a special agreement or mutual understanding to that effect.—17 Am.

& Eng. Enc. Law, p. 688, sub-div. 6; *Gay et al. v.
Berkey*, 137 Mich. 658; *Dunavant v. Fields*, 68 Ark.
534; *Sharp v. Zeller*, 38 So. 449.

It is manifest, therefore, that the court erred
in allowing Zobel the full amount of his expendi-
tures for work and development, and compensation
for his personal services. For the foregoing rea-
sons, the judgment is reversed, and the cause
remanded.        *Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY
concur.