## No. 9834.

### WAHL v. LARSEN, ET AL.

Decided June 6, 1921. Rehearing Denied October 3, 1921.

Action to recover value of ore from a mine in which plaintiff had an interest. Judgment for plaintiff.

### Reversed.

1. MINES AND MINING—*Cotenants—Expense of Operation and Development.* A cotenant in possession cannot bind those who do not voluntarily participate in the venture. He cannot force contribution for improvements made, nor for the cost and expense of developing or working, unless the improvements were necessary and added to and enhanced the value of the common property.

*Error to the District Court of the City and County of Denver, Hon. Francis E. Bouck, Judge.*

Messrs. HARTENSTEIN & MCGINNIS, for plaintiff in error.

Mr. GEORGE C. MANLY, for defendants in error.

MR. JUSTICE BAILEY delivered the opinion of the court.

PLAINTIFF brought this action to recover his share of the value of ore taken and sold from the Star mine in Gunnison County of which he owns an undivided one-fourth. It is admitted that he is the owner of such interest, that the ore was taken therefrom and sold by defendants, as claimed. The defendants are co-owners. The only question in issue is the amount to be credited to them in connection with the expense of mining and disposing of the ore. The trial court made findings and entered judgment for plaintiff in the sum of $335.46, which he brings here for review. The parties are designated as below.

The Star mine is connected with an adjacent property, the Independent mine, of which defendants are the owners, but in which plaintiff has no interest. During the time when the ore involved was mined and sold, the two properties were worked by defendants, through the Independent shaft, being connected by underground workings. The pay-roll for both mines was kept as one, and it appears that the men employed worked indiscriminately in one or the other of the two properties. The board bill for the employees was also kept in the same way, as was also the account for supplies.

Another item was charged as one-half of the expense of constructing or rebuilding a wagon road for transporting ore to the railroad. This road admittedly was used for both properties. The total amount for the three items, viz: wages, supplies and building the road, was found to be $8,959.74. The total value of the ore taken from the Star mine was fixed at $10,301.61; the profit thereon was found to have been $1,341.87, of which plaintiff was awarded one-fourth.

The rule under which the propriety of the credits claimed is to be tested is laid down in *Stickley v. Mulrooney*, 36 Colo. 242. On page 244 (87 Pac. 547, 118 Am. St. Rep. 107) it is stated:

'The judgment must be reversed. It appears to be well settled that one co-owner, without the consent of the other co-owners, cannot demand from the co-owners, who have not joined with him or in some way given their consent to the development or prospecting in mining property, re-muneration for expenses incurred in so prospecting or developing the common property.  *  *  *

A cotenant in possession, whether his interest be large or small, cannot bind those who do not voluntarily par-ticipate in the venture. He cannot force contribution for improvements made, nor for the cost and expense of de-veloping or working." Citing cases.

It appears that in the case at bar plaintiff did not give his consent to the operating of the Star mine by his co-tenants. In *Wolfe v. Childs*, 42 Colo. 121, 94 Pac. 292, 126 Am. St. Rep. 152, the above case is quoted from with ap-proval, and the court said, at page 129:

"While the operating tenant may, in case he is called upon to account for profits, set off as against a non-operat-ing tenant the cost of the necessary improvements, he must show that such improvements were necessary and added to and enhanced the value of the common property. A portion of the expenditure for which credit was allowed Zobel was, we have seen, not of this character. What portion it is impossible to determine from the findings of the court; it appearing therefrom that part of the expen-diture was for work which resulted in the development of the ore body which was opened at the time intervenors acquired title, and in extracting such ore, which would be a legitimate off-set, and a part was for prospecting and developing other parts of the mine, for which he was entitled to no contribution from the intervenors.

It is also well settled that tenants in common are not entitled to compensation from each other for services ren-dered in the care and management of the common prop-erty in the absence of a special agreement or mutual understanding to that effect." Citing cases.

The record is barren of testimony to indicate that the

work done was for necessary improvements, or that such work enhanced the value of the property. The item of the payroll, which was arrived at by dividing the total amount by two and charging one-half to each property, is unsupported by any proper testimony, either as to the correctness of the aggregate amount, or as to what portion thereof was expended upon the Star property. The defendant who testified on these points said he kept the accounts of both properties together, in an account book which was not introduced at the trial. The item of expenses also included board for the workmen, who were employed upon both mines. No attempt was made to segregate the various items as to the two properties. In fact, there is absolutely no competent testimony as to what part, if any, of the credits claimed was for work upon or supplies for the Star mine, except that this witness says in substance that he came to the conclusion that there was as much work done upon one mine as on the other. This plainly is a mere guess, or approximation.

In any event, the payroll and supply bills are not items which, under the evidence adduced, may be charged against the Star mine, because the testimony of defendants establishes that the work done upon the Star property was for the purpose of development, with a view of effecting a sale. Neither is there any testimony that the money was expended for necessary improvements, or that the work enhanced the value of the property. Under the authorities cited, these items are not proper charges upon which to base a demand for contribution.

The credit claimed for money expended in rebuilding the wagon road is manifestly an improper charge. The evidence does not show that the road had any effect which would be directly beneficial to the Star property, or necessarily enhanced its value.

Our decisions show that the judgment of the trial court is wrong and should be reversed. The errors of the court consist mainly in allowing improper charges against plaintiff as to expenses on the mine, in that it deducted as credits

one-fourth of the general payroll, a like portion of the expense for supplies, and also of the cost of the wagon road. The judgment is reversed and the cause remanded for a new trial in harmony with the views herein expressed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BURKE, concur.