No. 10,647.

LARSON, ADMINISTRATRIX, ET AL. v. WAHL.

Decided January 7, 1924. Rehearing denied February 4, 1924.

Action for accounting. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. APPEAL AND ERROR—*Fact Findings—Judgment.* A judgment which is justified by the specific findings of fact made by the trial court upon the evidence, will not be disturbed on review.

2. MINES AND MINING—*Tenants in Common—Accounting.* The provisions of Chapter 146, S. L. '23, concerning accounting between tenants in common or joint owners of mines, held inapplicable to the case under consideration.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. GEORGE C. MANLY, for plaintiffs in error.

Mr. G. K. HARTENSTEIN, for defendant in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS case was heretofore in this Court by a writ of error, prosecuted by the present defendant in error against the present plaintiffs in error. The opinion reversing the judgment then under consideration, is reported under the title *Wahl v. Larsen, et al.,* 70 Colo. 274, 201 Pac. 48. The plaintiff Wahl brought the action in the district court, as stated in the opinion of Mr. Justice Bailey, "to recover his share of the value of ore taken and sold from the Star mine in Gunnison county of which he owns an undivided one-fourth. It is admitted that he is the owner of such interest, that the ore was taken therefrom and sold by defendants, as claimed. The defendants are co-owners. The only question in issue is the amount to be credited to them in connection with the expense of mining and disposing of the ore." The reversal there was upon the ground that, as stated in the syllabus: "A cotenant in possession cannot bind those who do not voluntarily participate in the venture. He cannot force contribution for improvements made, nor for the cost and expense of developing or working, unless the improvements were necessary and added to and enhanced the value of the common property."

Upon a new trial in the district court, the transcript of the evidence in the former case was, by consent of the parties, introduced in evidence. In addition thereto is the testimony of two defendants, Watts and McCarthy. The defendant Larson died after the beginning of the action, and his wife, as administratrix, was sustituted in his place. Larson was the manager and conducted the operations in working the property. His testimony is in the former record, but he was not living at the time of the second trial.

In the opinion of Mr. Justice Bailey, upon the former review and as shown by this record, the judgment in the plaintiff's favor in the first trial was for $335.46. This sum was arrived at by deducting from $10,301.61, the total value of the ore taken from the Star mine by the defendants, the sum of $1640.63, which was one-fourth of the amount charged against Wahl and credited to the defendants, for the payroll of the mine, expenses and supplies, and expenses in building a wagon road. This distribution of the expenses was based upon the fact that Wahl was the owner of one-fourth, and the defendants of three-fourths, interest in the mine. The opinion declared that these credits should not have been allowed because the record was entirely barren of any evidence that such expenditures were necessary improvements, or that they added to or enhanced the value of the property. Unless, therefore, the additional evidence of the defendants' witnesses, Watts and McCarthy, supplies the missing evidence, we must affirm the judgment of $1976.09 rendered on the second trial, which is arrived at by adding to the amount of the judgment in the first trial, one-fourth of the amount of the three above items, which this Court on the former trial held to be improper credits of the defendants.

We have examined with care the testimony of Watts and McCarthy. The case as made upon the first trial, is in no respects strengthened by their testimony. The case is in no better condition for the defendants than it was at the first trial. Neither of these witnesses is a practical miner; neither of them had any personal knowledge of the alleged facts to which they testified, so far as they bear upon the issue involved. Larson, as the manager and in charge of the work of developing the mine, kept books of account. He was not living at the second trial and could not testify. The books were in existence but they were not produced at the trial and no excuse for their absence was given. A large number of exhibits, which were furnished to these witnesses by Mrs. Larson or some third party, were, over the objection of the defendants, introduced or offered in

evidence. These witnesses had no knowledge of these exhibits, which were largely receipts for supplies of various sorts, and there was no testimony as to their application, whether for the benefit of the Star mine, or for the adjoining Independent mine, which was owned exclusively by the defendants, the two properties being worked together and at the same time and under the same management. These witnesses admitted that they had no personal knowledge of the facts but got all their information from other parties. This testimony is largely hearsay or secondary. When plaintiff's objection on these grounds, was interposed, the court did not pass upon it but took it under advisement, though indicating that it was inadmissible. What ruling thereon the court finally made does not appear. The court might well have rejected the evidence in its entirety, so far as it had any bearing upon the issues, for it had no probative effect in the way of supplying or furnishing proof as to the necessity of the improvements made and the work done, or that the value of the Star mine was thereby enhanced. The trial court made specific findings of fact upon the evidence, which justified its judgment. We can not interfere therewith.

The chief ground upon which the defendants rely for a *supersedeas* is that at the Twenty-fourth Session of our General Assembly an act (Ch. 146, S. L., '23, p. 451) was passed concerning tenants in common and joint owners of mines, and the manner of accounting between them, which learned counsel says changes the law as declared by this court in *Wahl v. Larsen, supra.* Plaintiff's counsel says that, inasmuch as the transactions took place more than five years ago, and as this suit was begun more than four years before this act was passed, the rights of the parties are in no wise affected by the statute which took effect April 13, 1923. We are not called upon to construe this act. Section 7 itself declares that its provisions "as to the principles and rules of decision relating to set-off in accounting shall apply to all actions for accounting between

tenants in common of mines in which a final judgment, or decree of accounting, has not been made and entered of record." This is admitted to be an action for accounting. The final decree therein was entered of record March 16, 1923, twenty-seven days before the act took effect. This renders unnecessary either a decision as to its meaning, or its alleged invalidity as retrospective legislation.

In view of the fact that this court, upon the former review, expressly said that the items for which an improper credit had been given to defendants, may not be charged against plaintiff "because the testimony of defendants establishes that the work done upon the Star property was for the purpose of development, with a view of effecting a sale"; and there being no evidence to the contrary on the second trial, and as the evidence there produced entirely fails to supply the defects and insufficiency of the evidence produced at the first trial, and as the 1923 statute is inapplicable to this case, whatever its effect and meaning may be, there seems to be no reason for granting a *supersedeas* or prolonging the litigation, for the record is just as "barren of testimony," upon the essential issues, now, as it was upon the first trial.

The application for *supersedeas* is denied and the judgment affirmed.

MR. JUSTICE ALLEN not participating.