## J. S. Young, Jr., Appellee, v. L. E. McKittrick, Appellant.

Opinion filed June 9, 1932. Rehearing denied July 27, 1932.

M. J. WHITE, for appellant.

SUMNER & LEWIS, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

The parties and others are cotenants of a certain leasehold. Appellee drilled an oil well upon the premises, without procuring the consent of appellant. The well did not produce oil in paying quantities. Appellee sued to recover from appellant a proportionate share of the expenses incurred in the drilling of the well, and recovered a judgment.

Appellee contends that because the bill of exceptions does not show that exceptions were taken to the finding and judgment of the court the question as to the sufficiency of the evidence to support the judgment has not been properly preserved and cannot be considered. Under section 81 of the Practice Act, Cahill's St. ch. 110, ¶ 81, it is our duty to determine the sufficiency of the evidence to support the findings and judgment of the court even if no exceptions were taken thereto. *Pittsburgh, C., C. & St. L. Ry. Co. v. Chicago City Ry. Co.,* 300 Ill. 162; *People v. Upson,* 338 Ill. 145.

Appellee does not claim that he had any agreement with appellant in regard to the drilling of the well. The work was done without any authority from appellant. An action of assumpsit cannot be maintained against a cotenant to recover any part of the cost of improvements, in the absence of an express assent on his part or of such circumstances or dealings between the parties as will convince the court that an understanding existed to the effect that the expenses were to be repaid. 7 R. C. L. 891. For improvements made by a cotenant he cannot maintain any action which will result in a personal judgment against any of his fellow tenants, unless he can prove an express promise to pay him, or such a state of circumstances that a promise should be implied; but it is a rule that such a promise will not be implied merely from the making of the improvements or from their utility or necessity. 7 R. C. L. 840. A man cannot compel his cotenants to co-operate with him in the improvement of the common property, nor can he, by a voluntary expenditure without authority from them, constitute himself their creditor. 7 R. C. L. 874.

A cotenant, who develops a mine without the consent of his cotenants, cannot demand from such cotenants contribution or remuneration for expenses incurred in prospecting or developing the common property. He must get contribution, if at all, from the profits realized from the property. 18 R. C. L. 1197; *Stickley v. Mulrooney*, 36 Colo. 242, 87 Pac. 547; *Wolfe v. Childs*, 42 Colo. 121, 94 Pac. 292. While a cotenant of a mining claim, who without the consent of his cotenants, incurs expense in prospecting, cannot demand contribution from them, yet he may, when called upon to account for profits, set off the cost of the improvements which were necessary and enhanced the value of the common property. 6 R. C. L. 1050.

A tenant in common cannot make improvements on the common property and charge his cotenants even

ratably with their value. *Chambers v. Jones,* 72 Ill. 275. But he may in a proper case recover a proportionate amount of the increased value of the premises caused by the improvements but not the cost thereof. *Leininger v. Reichle,* 317 Ill. 625–639; *Cooter v. Dearborn,* 115 Ill. 509.

Appellee insists that he proved that a custom or usage existed to the effect that if one cotenant drilled a well on the common property without the consent of his cotenants, he could recover a proportionate share of the expenses from each of his cotenants. The alleged custom is contrary to established law and is in conflict with the general or public policy of the law as will be seen from the authorities above cited. That being true the alleged custom or usage has no binding force. 27 R. C. L. 164.

For a time after the well was drilled it produced 10 or 15 barrels of oil per day. Before the oil could be sold all of the cotenants were required to sign a power of attorney and appellee contends that appellant is liable because he signed that power of attorney. The power of attorney was not offered in evidence. Appellee testified that it authorized him to sell the oil and apply the proceeds on the expenses he had incurred in drilling the well and that the proceeds were so applied. He never realized enough from the sale of the oil to pay such expenses. Under the authorities above cited the power of attorney gave appellee no greater rights than he had under the law without such a power. He was only entitled to be reimbursed from the proceeds of the oil produced by the well. Appellee was not entitled to recover, and the judgment is reversed.

*Reversed.*

The clerk will insert in the judgment the following: ''The court finds that appellant was not indebted to appellee; that the well was drilled by appellee without any authority from appellant, his cotenant.''