No. 14,818.

KEITHLINE ET AL. *v.* KEITHLINE ET AL.
(105 P. [2d] 1086)

Decided September 3, 1940.   Rehearing denied October 7, 1940.

Mr. F. W. HARDING, for plaintiffs in error.

Mr. STEVENS PARK KINNEY, Mr. T. R. SECREST, Mr. FRED B. DUDLEY, for defendants in error. .

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS litigation is the result of a misunderstanding arising among five adult brothers in regard to their common interest in their mother's estate. Plaintiffs in error, who were plaintiffs below, brought an action in partition asking the court to decree to them a dairy business in addition to their interest in certain real estate, which would descend to them and defendants in error, share and share alike, under the law of distribution. The trial court decreed adversely to plaintiffs in error to the effect that defendants in error should share equally in the dairy business, as well as in the real estate. Reversal is sought on an application for supersedeas, and, because of what we believe to be the simplicity of the law involved, we have concluded to dispose of the matter on the application as requested by counsel for both sides.

The parents of the litigating brothers were the owners of the west one-half of block nine, Lakeview Subdivision in Jefferson county, Colorado (a five-acre tract), upon which was operated a business known as "Iowa Dairy," owned by the family, as defendants allege. Both parents died intestate, the father in 1923 and the mother in 1935. After the father's death the mother and four of the sons—Leslie having left home in 1926—continued to live on the place and conduct the dairy business. Subsequent to the death of the mother, the four sons, Clin-

ton, Russell, Joseph and Charles, remained on the place and continued to operate the dairy business. However, Clinton left soon after because of a misunderstanding with Russell, who was acting as administrator of the mother's estate.

During the administration of the estate the probate court approved a loan of $2,000 to the estate from defendant in error loan association, to which the five brothers consented, all the property involved being mortgaged to secure payment of the loan. With this $2,000 a new building with creamery equipment was placed on the premises. The real estate, exclusive of the new creamery, was valued at $5,000 in the estate inventory. The entire property was valued at $4,500 by a real estate broker called as a witness by plaintiffs in error at the trial.

It is conceded that Russell was the moving factor in promoting the dairy business, and that his brothers Joseph and Charles assisted him with the work; on the other hand, they have all taken their living from the proceeds of the business, have paid no rent for the use of the premises, neither have they rendered any account of their stewardship. While Russell, the principal plaintiff, testified that they had kept some books on the route, he did not have them in court nor was there any attempt made to introduce them. No record was kept by petitioners as to how much they withdrew from the business for living expenses. However, Russell in answer to the question: "About what would you say the amount you have taken per month would average, for your living expenses?", said, "I imagine approximately $20 to $25 a month, including everything, if that much." Both defendants in error testified they made contributions from time to time in cash and labor, but that no attempt was made to ascertain the total value of these contributions.

At the conclusion of the trial the court remarked, inter alia: "It would be impossible for the court to take

the facts as shown here and attempt any equitable settlement of these dealings between these parties." A reading of the record justifies the statement.

■ No good purpose would be served by specially considering any specific assignment of error. Plaintiffs clearly failed to sustain their case with any convincing evidence. The law is well established "that tenants in common are not entitled to compensation from each other for services rendered in the care and management of the common property in the absence of a special agreement or mutual understanding to that effect." *Wolfe v. Childs*, 42 Colo. 121, 129, 94 Pac. 292. We think this rule of law is patently applicable to the present situation.

Judgment affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BURKE concur.